UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMES W. KEENAN and JUDY M. KEENAN<br><br>Debtors.<br><br>JAMES W. KEENAN and JUDY M. KEENAN<br><br>Appellants<br>v.<br><br>PYLE, et. al.,<br><br>Appellees, | CASE NO: 07-CV-1090 W<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S AWARD OF SANCTIONS AGAINST JAMES W. KEENAN AND JUDY M. KEENAN<br><br>Bankr. No. SD 96-00871-B11 |

On June 15, 2007 Appellants James W. Keenan and Judy M. Keenan ("Appellants") properly appealed the Bankruptcy Court's award of sanctions against them to this Court pursuant to 28 U.S.C. § 158. The Court decides the matter on the papers submitted and without oral argument pursuant to S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's decision.

I.  BACKGROUND

In January 1996, Appellants James W. Keenan and Judy M. Keenan, husband and wife, commenced a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Southern District of California. In August 1996, Appellees Ross M. Pyle and Procopio, Cory, Hargreaves & Savich LLP and Jeffrey Issaacs (collectively, "Appellees") were appointed Trustee and Trustee's counsel, respectively, of Appellants' bankruptcy estate ("estate"). Over the next ten years, Appellants filed more than sixty separate appellate proceedings against Appellees and others arguing misconduct in the handling and distribution of the estate. (*Record On Appeal*, 79–81 [hereinafter "ROA"].) None of the actions have, so far, resulted in judgment against Appellees. (*Id.*) A full recitation of Appellants' truly astonishing number of filings and defeats is not relevant for the purposes of this motion, and the Court will simply relate the facts necessary to render review in this particular appeal.

On June 30, 2006 Appellants filed a complaint against Appellees in bankruptcy court over the handling of their estate alleging RICO violations, breach of fiduciary duty, violation of civil rights, breach of contract, negligence and seeking injunctive and declaratory relief. (ROA 2–16.) The case was assigned to Judge Peter Bowie, who was also presiding over the underlying Chapter 11 estate. (*Id.*) In this action, Appellants were represented by Samy S. Henein ("Henein"), of the law firm Suppa, Trucchi & Henein, LLP (the "ST&H firm"). (ROA 2.)

On September 11, 2006 Appellees moved to dismiss the claims, and in the

alternative sought summary judgment. (ROA 177:18–21.) The motion was initially set for hearing on October 10, 2006, but was rescheduled to October 23, 2006 on the Court's own motion. (ROA 94:10–12.)

On September 25, 2006, the date Appellants' opposition was due, Appellants filed a separate action in district court against Judge Bowie alleging RICO and civil rights violations and seeking declaratory and injunctive relief. (Compl., Keenan v. Bowie, No. 06-CV-2086 (S.D. Cal. Sep. 25, 2006).) Appellants generally alleged that a "criminal conspiracy" existed between Judge Bowie and others, which was designed to enrich the Trustee at the expense of the bankruptcy estate. (Id.) In this action, Plaintiffs represent themselves.

On September 28, 2006, three days after Appellants' bankruptcy opposition was due, Appellants filed an *ex parte* application in bankruptcy court to continue the motion to dismiss hearing date. (ROA 94:12–19.) The bankruptcy court denied Appellants' motion. Keenan v. Pyle (In re Keenan), 372 B.R. 496, 500 (Bankr. S.D. Cal. 2006).

On October 13, 2006 Appellants filed a motion for reconsideration of the denial of the *ex parte* motion to continue and also moved, for the first time, to disqualify Judge Bowie from the bankruptcy court action. (ROA 29–54.) Henein, Appellants' attorney, signed and submitted the disqualification motion on Appellants' behalf. (ROA 38.) Judge Bowie, aware of Appellants' suit against him in district court, heard the motion and directed out of "an abundance of caution" that the bankruptcy clerk reassign the disqualification motion to a different judge. (ROA 93–97.) The bankruptcy clerk reassigned the disqualification motion to Judge Meyers.

On December 21, 2006 Judge Meyers denied the disqualification motion in a published opinion. In re Keenan, 372 B.R. at 496. In particular, the court found that the timing of the dismissal motion and the district court action against Judge Bowie supported an inference that Appellants were engaging in forum shopping and trying to circumvent doctrines of res judicata and collateral estoppel. (Id. at 501.) The court

also noted that while Appellants had for several years alleged an improper relationship between Judge Bowie and the trustee, Appellants had yet to provide <u>any</u> factual basis for disqualification. (<u>Id.</u>)

On January 8, 2007 Appellees filed a Bankruptcy Rule 9011 motion for sanctions against Appellants, the ST&H firm, and Henein based on their prosecution of the disqualification motion. (ROA 102-120.) Appellees argued that Appellants and counsel had violated each and every manner of conduct proscribed by Rule 9011(b). (<u>Id.</u>) On January 22, 2007 Henein submitted an opposition to Appellees' motion on behalf of Appellants, the ST&H firm, and Henein personally. (ROA 121-131.)[1]

On April 12, 2007 Judge Meyers heard oral argument on Appellees' sanctions motion. On May 4, 2007 Judge Meyers granted the motion and awarded sanctions against Appellants, the ST&H firm, and Henein in the amount of $10,000.00. (ROA 141-143.) Specifically, the court found that the disqualification motion "was filed in bad faith and for an improper purpose in violation of Rule 9011." (ROA 142.) On May 14, 2007 Appellants appealed the sanctions award. (ROA 216-222.) Although Appellants appeal this award individually, Henein is also appealing the award in the related <u>Keenan et. al. v. Pyle et. al.</u>, 07-CV-1074 W (S.D. Cal. June 15, 2007).

## II. STANDARD OF REVIEW

Appellate review of sanctions orders entered by a bankruptcy court pursuant to Bankruptcy Rule 9011 are conducted under the same standards applicable to sanctions orders under Federal Rule of Civil Procedure 11. <u>Tsafaroff v. Taylor (In re Taylor)</u>, 884 F.2d 478, 480 (9th Cir. 1989). All aspects of the review of an award of sanctions is conducted under an abuse of discretion standard. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990); <u>Caldwell v. Unified Capital Corp. (In re Rainbow Magazine,</u>

---

[1] On February 9, 2007 a notice of entry of judgment against Appellants was docketed in the underlying bankruptcy court adversary proceeding, a final judgment for purposes of appeal.

Inc.), 77 F.3d 278, 283 (9th Cir. 1996).

An abuse of discretion occurs only when "no reasonable person could take the view adopted by the trial court. If reasonable persons could differ, no abuse of discretion can be found." Stone v. City & Couty of San Francisco, 968 F.2d 850, 861 n.19 (9th Cir. 1992) (internal quotations and citations omitted). An appellate court may reverse the trial court for an abuse of discretion only if firmly convinced that the reviewed decision lies beyond the pale of reasonable justification under the circumstances. Harman v. Apfel, 211 F.3d 1172, 1175 (9th Cir. 2000).

### III. DISCUSSION

Appellants raise three issues in this appeal: (1) whether the sanctions order should be reversed because Appellants did not sign any pleadings, and therefore did not violate Rule 9011; (2) whether the sanctions order should be reversed because monetary sanctions may not be awarded against a represented party for a violation of Bankruptcy Rule 9011(b)(2); and (3) whether the sanctions order should be reversed because the disqualification motion was not frivolous. (*Appellants' Br.* 3.) The Court will discuss each issue in turn.

Because Bankruptcy Rule 9011 is central to the disposition of this appeal, the Court reprints the Rule in relevant part below:

> **Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**
>
> **(a) Signature.** Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. ...
>
> **(b) Representations to the court.** By presenting to the court (whether by signing, filing, submitting, or later advocating)

a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) **How initiated.**

(A) **By motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). ...

(B) **On court's initiative.** ...

(2) **Nature of sanction; limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the

limitations in subparagraphs (A) and (B), the sanction may consist of, or include... an order to pay a penalty into court, ...

    **(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

    **(B)** ...

  **(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

**(d) Inapplicability to discovery.** ...

**(e) Verification.** ...

**(f) Copies of signed or verified papers.** ...

A.    <u>**Bankruptcy Rule 9011 Does Not Require Appellants' Signatures**</u>

Appellants argue that because they did not sign the disqualification motion filed with the court, they cannot have violated Bankruptcy Rule 9011. (*Appellants' Br.* 5.) Appellees argue that these arguments are procedurally barred, and in any event the court did not premise the sanctions on Rule 9011(a)'s signature requirement. (*Appellees' Br.* 13–15.)

The Court agrees with Appellees.

Plainly, Rule 9011(a)'s signature requirement has nothing to do with whether the court may award sanctions against a party whose counsel signs and submits a motion on their behalf. Rather, the award of sanctions is controlled by Rule 9011(c) with reference to Rule 9011(b)—subsections devoid of limiting language with regards to signature. Accordingly, the Court finds that, assuming all other conditions are satisfied,

a court may sanction a client even if he did not sign the offending pleading, petition, or other paper.

### B. Rule 9011(c)(2)(A) Does Not Preclude Monetary Sanctions Against Appellants Here

Appellants next argue that Rule 9011(c)(2) prohibits entirely a court from awarding sanctions against a party if they are represented by counsel. (*Appellants' Br.* 5.) Appellees argue that, although Rule 9011(c)(2)(A) provides some protection for clients in certain circumstances, those circumstances are not present here. (*Appellees' Br.* 16.)

The Court agrees with Appellees.

Rule 9011(c)(2)(A) precludes sanctioning clients whose lawyers violate Rule 9011(b)(2) by making legal arguments unwarranted by existing law. See Bankr. R. 9011(b)(2). However, clients whose attorneys violate Rule 9011(b)(1), (b)(3), or (b)(4)—such as by filing papers for improper purpose or by making arguments without evidentiary support—are not so protected. In the context of Rule 11, numerous courts have sanctioned clients despite their representation by counsel. See, e.g., Geller v. Randi, 40 F.3d 1300, 1304–05 (D.C. Cir. 1994) (holding, in a Rule 11 context, that even though a client is represented by an attorney, it may be appropriate under the circumstances to sanction the client).

In this case, the bankruptcy court made no specific finding that Appellants, ST&H, or Henein violated Rule 9011(b)(2) only by making legal contentions that were not warranted by existing law or were frivolous. Rather, the sanctions order reflects that the disqualification motion was filed in bad faith and for an improper purpose. (ROA 142.) On its face, Rule 9011(c)(2)(A) does not protect represented clients from this type of Rule 9011(b)(1) violation. Because the bankruptcy court awarded sanctions against Appellants on a basis other than Rule 9011(b)(2), Rule 9011(c)(2)(A)

does not preclude monetary sanctions against them.

### C. Regardless of Whether the Motion Was Frivolous, The Bankruptcy Court Did Not Abuse Its Discretion By Awarding Sanctions

Appellants take a very narrow view of the sanctions award, and argue that the bankruptcy court abused their discretion in awarding sanctions because the motion to disqualify was not frivolous.[2] (*Appellants' Br.* 5–12.) Appellees point out that Appellants' entire argument assumes that the bankruptcy court awarded sanctions exclusively on a Rule 9011(b)(2) violation. (*Appellees' Br.* 17–18.) In any event, Appellees argue, the bankruptcy court properly used its discretion in awarding sanctions under Rule 9011(b)(1) and (b)(3). (*Id.* 18–20.)

Bankruptcy Rule 9011(c) allows a court to award sanctions for violations of 9011(b). Bankr. Rule 9011(c). A court may sanction a party if the party files a motion for an improper purpose, such as to harass, delay, or needlessly increase the cost of litigation. Bankr. Rule 9011(b)(1). A court may also sanction a party if the party files a motion containing allegations and factual contentions that do not have evidentiary support or are unlikely to have factual support after a reasonable opportunity for discovery. Bankr. Rule 9011(b)(3).

Judge Meyer did not abuse his discretion in sanctioning Appellants because it was shown that Appellants have a long history of harassing their adversaries with unsupported accusations, burdening both the court and their opponents with needless costs. Further, Appellants clearly had enough time to file their complaint against Judge Bowie, while putting off and trying to extend the time to oppose the bankruptcy action's pending motion to dismiss. A reasonable person could certainly conclude that Appellants were, once again, merely seeking to delay the proceedings.

---

[2] The arguments in Appellants' brief assume that this Court should make an independent evaluation into whether their motion to disqualify was "frivolous" or not. (*Appellants' Br.* 5–12.) This is improper. Rather, this Court is called upon in a limited role to determine whether Judge Meyer abused his discretion in finding that the motion violated certain Rule 9011(b) mandates. In doing so, we accord Judge Meyer wide latitude on his findings. United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996).

Appellants themselves also concede that no formal evidence, such as declarations or depositions, was presented in support of their motion to disqualify. (*Appellants' Br.* 8.) Indeed, Judge Meyer concluded that, while Appellants have trotted out the same accusations of judicial cronyism since 1999, Appellants have supplied no facts in support of their accusations. In re Keenan, 372 B.R. at 501. Nor have any of Judge Bowie's rulings been overturned. Id. In light of Appellants' litigation history, it was certainly reasonable for Judge Meyer to find that Appellants filed their disqualification motion knowing that it had no evidentiary support, and would still likely be unsupportable even after reasonable investigation.

## IV. CONCLUSION

This Court, in reviewing the bankruptcy decision, is not called upon to second-guess Judge Meyer's determination that Appellants violated the specifics of Bankruptcy Rule 9011(b). Rather, we review whether Judge Meyer abused his discretion in sanctioning Appellants. Given the circumstances, Judge Meyer's determination does not lie beyond the pale of reasonable justification. See Harman, 211 F.3d at 1175. Accordingly, the Court **AFFIRMS** the bankruptcy court's sanctions award in its entirety against Appellants James W. Keenan and Judy M. Keenan.

IT IS SO ORDERED.

Dated: January 9, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California